UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PEDRO JOAQUIN AVILES-MENA,

Petitioner,

v.

SERGIO ALBARRAN, et al.,

Respondents.

Case No. 25-cv-06783-RFL

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

In 2022 Petitioner Pedro Aviles-Mena, a citizen of Nicaragua, was detained at the U.S.-Mexico border and then released on parole. (Dkt. No. 1 ("Petition") ¶¶ 2, 11.) After more than two years living and working in the United States, he was re-detained by Immigration and Customs Enforcement ("ICE") at a scheduled check-in. (*Id.* ¶ 5.) Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. section 2241 and a request for a temporary restraining order, challenging his detention on several grounds including that his detention violated procedural due process under the Fifth Amendment. (*Id.* at 11–12.)[1] Because he raised a serious question going to the merits of his procedural due process claim, Petitioner was ordered released and Respondents were enjoined from re-detaining him. *Aviles-Mena v. Kaiser*, No. 25-cv-06783-RFL, 2025 WL 2578215 (N.D. Cal. Sept. 5, 2025) ("Preliminary Injunction Order"), *appeal dismissed*, No. 25-6999, 2026 WL 1217811 (9th Cir. Apr. 2, 2026). The facts of the case and procedural history are described in greater detail in the Preliminary Injunction Order. *Id.* at *1–2.

[1] Citations to page numbers refer to ECF pagination.

The parties have now completed briefing on the Petition and the matter is submitted. (Dkt. No. 30 ("Answer"); Dkt. No. 32 ("Traverse").) The Answer incorporates by reference Respondents' argument from the preliminary injunction briefing that Petitioner's detention did not violate procedural due process because he "is subject to mandatory detention under § 1225(b)(1)." (Answer at 2.) However, Respondents "acknowledge that the reasoning in this Court's earlier decision in this case . . . would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." (*Id.*) Therefore, for the reasons stated in the Preliminary Injunction Order and in *Daza v. Albarran*, No. 25-cv-10214-RFL, 2026 WL 81518 (N.D. Cal. Jan. 12, 2026) the Petition for writ of habeas corpus is **GRANTED** as to Petitioner's procedural due process claim. *See Aviles-Mena*, 2025 WL 2578215, at *1–7 (applying the *Mathews* factors and finding a likely procedural due process violation); *Daza*, 2026 WL 81518, at *2–5 (explaining that "immigration officials paroled Petitioner into the United States, and the expedited removal process, including its mandatory detention, no longer applies to her").

"When a district court grants a writ of habeas corpus it may dispose of the matter as law and justice require. To ensure that Petitioner's release pursuant to the Court's . . . order is not rendered meaningless, it is necessary to enjoin the government from simply re-detaining Petitioner in the same manner. As a result, the relief ordered below falls within the core of habeas." *Alva Alva v. Kaiser*, No. 25-cv-06676-RFL, 2026 WL 1910135, at *2 (N.D. Cal. July 2, 2026) (citations and quotation marks omitted). The Court, therefore, **ORDERS** that Respondents shall not re-detain Petitioner: (1) without notice and a pre-deprivation hearing before a neutral decisionmaker in which an individualized determination is made that he poses a flight risk or danger to public safety such that he must be detained; or (2) in the absence of a material change in circumstances since his most recent release justifying his detention. To be clear, this Order does not bar Respondents from lawfully re-detaining Petitioner to execute a valid, administratively final removal order after complying with all constitutional, statutory, and

regulatory requirements.[2]

The preliminary injunction is **DISSOLVED**.

Petitioner has also requested an award of attorney's fees. (Petition at 12.) Neither party addresses this portion of the Petition in the answer or return. The Court will consider an application requesting reasonable attorney's fees that is filed within 30 days of the entry of judgment. Accordingly, Petitioner's request for attorney's fees is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated: August 20, 2026

RITA F. LIN
United States District Judge

[2] Respondents reference events that post-date the filing of the Petition and speculate whether, "[a]t some point, Petitioner may be subject to a final order of removal." (Answer at 1, 3.) These issues are not relevant to the resolution of the merits of the Petition.